FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAYNE R. MELLGREN,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY JAIL MEDICAL STAFF and SPOKANE REGIONAL HEALTH SERVICES,<br><br>    Defendants. | No. 2:25-cv-00378-SAB<br><br>**ORDER DISMISSING ACTION**<br><br>**1915(g)** |

    By Order filed November 4, 2025, the Court advised Plaintiff, an individual incarcerated at Spokane County Detention Services, of the deficiencies of his initial complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 22. Specifically, Plaintiff had failed to present facts supporting an inference that persons identified as Defendants to this action made an intentional decision concerning Plaintiff's health care that placed Plaintiff at "substantial risk of suffering serious harm," and did not take reasonable measures to abate that risk. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

    On November 18, 2025, Plaintiff filed *pro se* a single page document dated November 11, 2025, asking to "Please Amend" Defendant Spokane County Jail Medical Staff to name "Naphcare Provider and Medical Staff" and asserting,

ORDER DISMISSING ACTION -- 1

"everything else in my lawsuit is accurate proof of communication exactly as is." ECF No. 23. In addition, Plaintiff supplied another unsolicited account statement. ECF No. 24. This was unnecessary because Plaintiff was already granted leave to proceed *in forma pauperis*. ECF No. 21. Defendants have not been served in this action.

After review of Plaintiff's submission, the Court finds that it does not cure the deficiencies of the initial complaint. *See* ECF No. 22 at 8. Plaintiff did not present an amended complaint on the form provided by the Court. He did not legibly rewrite or retype it in its entirety, and he incorporates the initial complaint by reference.

The Court cautioned Plaintiff that if he failed to amend as directed, the complaint would be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915a(b)(1). Plaintiff has filed nothing further. Having failed to amend as directed, the Court dismisses this action with prejudice for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims</u>.

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

2. This dismissal may count as a "strike" pursuant to 28 U.S.C. § 1915(g).

ORDER DISMISSING ACTION -- 2

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

4. The Clerk of Court shall forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **close** the file.

**DATED** this 9th day of January 2026.



_____
Stan Bastian
Chief United States District Judge

ORDER DISMISSING ACTION -- 3